IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK ALLEN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15cv285-SRW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Allen Davis commenced this action on April 29, 2015, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying his application for a period of disability, disability insurance benefits, and Supplemental Security Income under Titles II and XVI of the Social Security Act.  (Doc. 1).  Plaintiff alleged disability as of January 9, 2010 due to chronic obstructive pulmonary disease, bipolar disorder, diabetes, and severe back pain.  (Doc. 14-6 at 5).  On May 27, 2014, the Administrative Law Judge ("ALJ") issued an adverse decision.[1]  (Doc. 14-2 at 11-26).  The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.  (Id. at 2-5). This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. See 28 U.S.C. § 636(c). (Doc. 9, 10).  For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be affirmed. Plaintiff also moves for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 241(d).  (Doc. 12 at 7). Because the Commissioner's decision is affirmed, the motion will be denied.

---

[1]  Plaintiff was represented by counsel at the hearing before the ALJ.  (Doc. 14-2 at 11).

**STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.  It is "more than a scintilla, but less than a preponderance." Id.  A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993).  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)     whether the claimant is currently employed;

(2)     whether the claimant has a severe impairment;

(3)     whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4)     whether the claimant can perform his or her past work; and

(5)     whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561, 562-63 (7th Cir. 1999); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

Pope, 998 F.2d at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. Id.

**DISCUSSION**

The two issues before the court for decision in this case are whether the Commissioner's decision should be reversed because the ALJ failed to accord adequate weight to the medical source testimony of plaintiff's treating physician, Dr. Nandini Ramroop, and whether the ALJ's decision to give Dr. Ramroop's testimony less than substantial weight is supported by substantial evidence. (Doc. 12 at 3-7).

The Commissioner must specify what weight is given to a treating physician's opinion and any reason for giving it no weight at all. <u>MacGregor v. Bowen</u>, 786 F.2d 1050, 1053 (11th Cir. 1986) (citing <u>Broughton v. Heckler</u>, 776 F.2d 960, 961-62 (11th Cir. 1985) and <u>Wiggins v. Schweiker</u>, 679 F.2d 1387, 1389-90 (11th Cir. 1982)). Failure to do so is reversible error. <u>Id.</u> (citations omitted). The opinion of a treating physician "must be given substantial or considerable weight unless good cause is shown to the contrary." <u>Phillips v. Barnhard</u>, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting <u>Lewis v. Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotation marks omitted). "Good cause" exists when:

- the treating physician's opinion was not bolstered by the evidence,

- the evidence supported a contrary finding; or

- the treating physician's opinion was conclusory or inconsistent with his or her own medical records.

<u>Id.</u> at 1241 (citation omitted).

The ALJ must clearly articulate his or her reasons for disregarding a treating physician's opinion, and the failure to do so is reversible error. <u>Lewis</u>, 125 F.3d at 1440 (citation omitted); <u>see also</u> 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). However, when the ALJ

adequately states specific reasons for doing so, and those reasons are supported by substantial

evidence, there is no such error. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005) (*per*

*curiam*).

The ALJ's written decision meets both criteria. With respect to Dr. Ramroop's evidence

and testimony, the ALJ stated the following, in relevant part:

> I give little weight to Dr. Ramroop's opinion regarding the claimant's functional abilities. His opinion is not consistent with the other evidence of record. Although Dr. Ramroop does have a treating relationship with the claimant, the treatment history is quite brief, consisting of only three office visits. The records from said visits are grossly inconsistent with his opinions. By way of example, on September 19, 2013, the claimant's report of symptoms was generally unremarkable. He was reportedly well developed, well nourished, and in no apparent distress. However, the doctor reported "severe" scoliosis paraspinal and lumbar tenderness[] during the examination, yet diagnosed only diabetes, uncomplicated, and hypertension unspecified (Exhibit B8F, page 4). He prescribed Loratadine. In fact, on the claimant [sic] on November 4, 2013, the claimant actually reported no musculoskeletal or psychiatric complaints (Exhibit B10F, page 15). Nonetheless, two months later the doctor opined that the claimant was limited to severely less than sedentary work activity and the claimant would miss four workdays per month. However, once again, these reports are simply not consistent with his reported examination. The claimant returned in January 2014. Apart from his gait, the physical examination was unremarkable (Id. at 9). In fact, even as to mental functioning, the doctor did not report any signs for depression or anxiety. He also reported normal memory, full orientation, and the claimant's judgment and insight were intact. (Id.). The claimant was not in any apparent distress. On this occasion he did assess greater physical impairment (Id. at 10). However, despite the lack of any diminished mental capacity due to pain or any other factor, the doctor reported that the claimant's medications would cause severe limitation in mental functioning (Exhibit B10F, page 2). This report is grossly inconsistent with the claimant's presentation just two weeks earlier.
>
> Dr. Ramroop also concluded that the claimant was limited in the use of his hands for fine manipulation, simple grasping, pushing, and pulling (Id. at 1). However, the claimant reported no limitation in the use of his hands (Exhibit B6E). His brother also reported that the claimant experience[d] no limitation in the use of his hands (Exhibit B4e, page 6). In fact, his brother felt that [claimant] suffered no limitation in reaching or sitting (Id.). Yet, Dr. Ramroop concluded that the claimant could sit no more than one hour. Per the doctor, [claimant] could only reach over

head occasionally (Exhibit B10F, page 1). Oddly enough, Dr. Ramroop did conclude that the claimant could perform medium work activity.[2]

(Doc. 14-2 at 23-24).

The ALJ's decision contains a detailed discussion of plaintiff's medical records and the medical source testimony of record, including Dr. Ramroop's testimony. (Doc. 14-2 at 16-24). When the ALJ reached a conclusion regarding RFC and made a disability determination, which necessarily and clearly includes his decision regarding the weight to assign to Dr. Ramroop's testimony, the ALJ also considered the plaintiff's testimony, as well as the testimony of plaintiff's brother.  (Id.; Doc. 14-6 at 14-21).

The record reflects that the ALJ articulated reasons that constitute "good cause" for failing to give Dr. Ramroop's testimony "substantial or considerable weight," which is in accordance with the ALJ's obligation under existing law. See Phillips, 357 F.3d at 1240.  Moreover, the court has carefully scrutinized the entire record, and it concludes that the ALJ's decision with regard to Dr. Ramroop's testimony is based on substantial evidence.  (See, *e.g.*, Doc. 14-2 at 31-85; Doc. 14-6 at 14-21; Doc. 14-7 at 64-80, 82-84).  The plaintiff makes assumptions about medical records that Dr. Ramroop might have been able to access and office visits in which he may have participated, but there is no evidence of record to support those assumptions.  (Doc. 12 at 4-5).  In reaching its decision, the court does not consider assumptions which require an inferential leap or do not have support within the record.  Also, while the plaintiff disagrees with the ALJ's factual findings and directs the court to evidence favoring plaintiff's argument that he is, in fact, disabled, this court

_____

[2] It is unclear exactly where in the evidence of record the ALJ finds support for his statement that Dr. Ramroop reached this conclusion.  The ALJ does not provide a citation, and the court is unable to locate a reference in the record to such a finding by Dr. Ramroop. To the contrary, Dr. Ramroop indicated that the plaintiff is unable to work "the equivalent of eight hours a day, five days a week." (Doc. 14-7 at 84). Nevertheless, despite this unfounded statement by the ALJ, substantial evidence exists to support the ALJ's decision to afford less than substantial weight to Dr. Ramroop's testimony.

cannot reweigh the evidence and is limited to determining whether there is substantial evidence to support the Commissioner's decision. See Dyer, 395 F.3d at 1210.

## CONCLUSION AND ORDER

Upon consideration of the parties' briefs and the record, the Commissioner's decision is based on substantial evidence and is in accordance with controlling law.  The Commissioner's decision will be AFFIRMED by a separate judgment.

In addition, it is

ORDERED that plaintiff's motion for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 241(d) (Doc. 12) is DENIED.

DONE, on this the 30th day of September, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge